JUDGE PETERS
delivered the opinion op the court.
The farm on which Fletcher and wife resided was the separate estate of the wife, and the products of the farm were hers; but if the husband’s labor and attention to the wife’s business exceeded in value the cost of supporting himself and family, he and his creditors would be entitled to the ascertained excess. Put his obligation to support his family was paramount to that of paying his debts, and until he made provision for the discharge of that obliga *173 tiou the products of her farm could not be made liable to Ms debts, and not then unless it was shown-*that the portion not needed therefor was the result of Ms labor and care; and the court properly refused to give instruction number one.
As the tobacco was the product of the wife’s farm, and therefore belonged to her, whether the sale thereof to Radford was constructively fraudulent or not, because the possession did not accompany the sale, is a question not involved in this controversy, as the wife is not the debtor, and no one but her creditors or subsequent vendees had a right to question the sale: instruction number two, asked for by appellants, was properly refused.
The proper mode of testing the question whether the property levied on was the property of Mrs. Fletcher was the one adopted by her, as prescribed by section 713, Civil Code. There ivas no estoppel in the case, and instruction number three, asked by appellants, is in direct conflict with the section of the Code referred to.
For reasons already stated instruction number .four, as asked for by appellants, could not have been given; and those given to the jury conform to the law of the case, and presented the issues of fact involved fairly to the jury, whose province it was to pass on the facts; and their finding was authorized by the evidence.
Nor do we see any error in the admission of evidence prejudicial to appellants. The statements of Mrs. Fletcher while in possession of the property were clearly admissible to show the character of her title, and how she claimed it; nor does it seem to this court that the evidence offered on the trial by appellants, and which was rejected by the court on motion of appellees, was material, or elucidated the issue, and there was no error committed in rejecting it.
Wherefore the judgmént is affirmed on both appeals.